UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,

Plaintiff,

v.

Carrie Mae Gibson,

Defendant.

Case No. 3:19-cr-356

MEMORANDUM OPINION AND ORDER

## I. INTRODUCTION AND BACKGROUND

Defendant Carrie Mae Gibson, who currently is under the supervision of the Residential Reentry Management Field Office located in Cincinnati, Ohio ("RRM Cincinnati"), seeks an order granting her compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. No. 84). The government filed a brief in response. (Doc. No. 87). Gibson then filed a brief in reply.

On June 5, 2019, Gibson and two co-defendants were indicted for conspiring to defraud and to obtain money and property by false and fraudulent pretenses, as well as mail fraud, wire fraud, and identity theft, among other offenses. (Doc. No. 1). The government subsequently obtained a superseding indictment. (Doc. No. 24). Gibson pled guilty to the conspiracy charge and to one count of aggravated identity theft. (*See* Doc. No. 76 at 1). The government agreed to dismiss the remaining charges against Gibson. (Doc. No. 79). I subsequently sentenced her six months in custody as to the conspiracy charge and two years as to the identity theft charge, with the sentences to run consecutive to each other. (Doc. No. 76 at 2). I also imposed a total term of two years of supervised release. (*Id.* at 3). Gibson did not appeal.

Gibson filed a motion for compassionate release on June 29, 2021. (Doc. No. 84). She argues her health conditions, conditions within the Federal Bureau of Prisons ("BOP") facility in which she was incarcerated, and her family circumstances warrant a reduction in her sentence. The government contends Gibson has not met her burden of showing she is entitled to compassionate release and that a scheduled transfer to community confinement addressed most if not all of Gibson's concerns. (*See* Doc. No. 87 at 2). Gibson was recommended by the Warden's Office at Federal Medical Center Lexington for a transfer to home confinement in response to the Covid-19 pandemic, due to her documented medical conditions and the BOP's assessment of her community risk level. (Doc. No. 87-4 at 1-2).

## II. ANALYSIS

The First Step Act of 2018 amended the circumstances under which a court may order a defendant's compassionate release from incarceration. While previously a court could modify the defendant's compassionate release only after the Director of the BOP filed a motion for release, the First Step Act now permits a defendant to file a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A).

"The compassionate release provision permits the district court to reduce a defendant's sentence if it finds that 'extraordinary and compelling reasons' warrant a reduction; that a reduction is consistent with the applicable policy statements issued by the Sentencing Commission; and that the § 3553(a) factors, to the extent they apply, support a reduction." *United States v. Allen*, 819 F. App'x 418, 419 (6th Cir. 2020) (citing 18 U.S.C. § 3582(c)(1)(A)(i)). The district court also must consider all relevant § 3553(a) factors to determine whether those factors would support a modified or reduced sentence. *United States v. Jones*, 980 F.3d 1098, 1114-15 (6th Cir. 2020). "[D]istrict courts

may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021) (citing *Jones*, 980 F.3d at 1108).

In March 2021, Gibson submitted an administrative request for compassionate release to the BOP. (Doc. No. 84-6). The BOP denied her request at that point. (Doc. No. 84-7). But the BOP subsequently reconsidered its decision and Gibson now is serving her sentence on home confinement. Section 3582(c)(1)(A)'s exhaustion requirement is mandatory and not subject to waiver, *United States v. Alam*, 960 F.3d 831, 836 (6th Cir. 2020), and it applies to "federal inmates who are serving the remainder of their sentences in a residential reentry program" just as it does to inmates held at a BOP facility. *United States v. Lane*, No. 2:14-CR-000811-JRG-CRW, 2021 WL 5239132, at *2 (E.D. Tenn. Nov. 10, 2021) (citing cases).

Gibson has not provided documentation that she has satisfied § 3582(c)(1)(A)'s exhaustion requirement by submitting an administrative request to the chief executive officer at RRM Cincinnati. Therefore, I must deny her motion without prejudice. *Alam*, 960 F.3d at 836.

## III. CONCLUSION

For these reasons, I deny Gibson's motion to reduce her sentence under 18 U.S.C. § 3582(c)(1)(A). (Doc. No. 84).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge